```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                  :
JHENNY ELIZABTEH GAMBOA
                                  :
    v.                            :   Civil Action No. DKC 16-3716
                                  :
TODD PATRICK MURPHY
                                  :
```

**MEMORANDUM OPINION AND ORDER**

On November 15, 2016, Petitioner Jhenny Elizabeth Gamboa ("Petitioner") filed a verified petition for return of child to Canada. (ECF No. 1). The evidentiary hearing in this matter is scheduled for December 14, 2016, and Petitioner has filed a motion to appear at the evidentiary hearing by contemporaneous transmission. (ECF No. 12). Respondent Todd Patrick Murphy ("Respondent") filed a response in opposition to the motion for appearance by contemporaneous transmission (ECF No. 14), and Petitioner replied (ECF No. 18). For the following reasons, the motion for appearance by contemporaneous transmission will be granted.

As set forth in the petition, Petitioner is a citizen of Colombia currently residing in Ontario, Canada. (ECF No. 1 ¶ 8). Petitioner brought this action under the Hague Convention to secure the return of her minor child J.A., a Canadian citizen, to Canada, his alleged habitual residence. (*Id.* ¶¶ 32-37). Petitioner alleges that Respondent brought J.A. to the

United States on April 23, 2016, with the agreement that he would return J.A. to Canada on June 30, 2016, but that Respondent has wrongfully retained J.A. in the United States since that time.  (*Id.* ¶¶ 25-31, 38).

In the present motion, Petitioner argues that she is not legally or financially able to travel to the United States to present live testimony at the evidentiary hearing.  Petitioner avers that: (1) having been required to turn in her Colombian passport to the Canadian government when she applied for refugee status, she does not have valid travel documents that would allow her to enter the United States; (2) she is ineligible for the visa waiver program; (3) she could not apply for humanitarian parole to enter the United States in time for the expedited hearing, and that even if her application were granted, she would not be permitted to re-enter Canada following these proceedings; (4) her pending immigration application in Canada does not permit her to travel; and (5) she is financially unable to travel to the United States.  (ECF No. 12 ¶¶ 9-14).  Respondent contends that if Petitioner had applied for humanitarian parole at some point in the past six years, or after filing for custody in Ontario on September 26, 2016, there would have been sufficient time for her application to be granted in time for her to appear at the evidentiary hearing, and that he will be severely prejudiced if Petitioner is

permitted to appear by videoconference at the hearing. (ECF No. 14 ¶¶ 12-15, 26-27).

Federal Rule of Civil Procedure 43 governs the taking of testimony at trial. That rule expressly provides for the possibility of videoconference testimony, stating that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed.R.Civ.P. 43(a). Moreover, the Hague Convention directs that wrongful retention cases will be determined expeditiously. Hague Convention, art. 11. "Because of this directive, Courts have adopted flexible procedural approaches to ensure that cases are handled expeditiously, including allowing remote testimony." *Alcala v. Hernandez*, No. 4:14-CV-04176-RBH, 2015 WL 1893291, at *1 (D.S.C. Apr. 27, 2015).

Courts have permitted remote testimony in Hague Convention cases where the witnesses were unable to obtain visas to enter the United States. *See, e.g.*, *Mendoza v. Pascual*, No. CV 615-40, 2015 U.S.Dist.LEXIS 58806, at *4-5 (S.D.Ga. May 5, 2015) (holding that petitioner's "diligent efforts and proven inability to obtain a visa or other official permission to enter the United States satisfies the 'good cause' standard"); *Alcala*, 2015 WL 1893291, at *2 (holding that inability to obtain a visa and financial inability to travel satisfied the Rule 43 standard

and allowing remote testimony); *Haimdas v. Haimdas*, 720 F.Supp.2d 183, 187 (E.D.N.Y. 2010) ("As authorized by Rule 43(a) . . . , petitioner, who had been unable to obtain a visa to travel to this country, testified via a live video link from London, England."), *aff'd* 401 F.App'x 567 ($2^d$ Cir. 2010); *Matovski v. Matovski*, No. 06-CIV-4259, 2007 WL 1575253, at *3 (S.D.N.Y. May 31, 2007) ("In the limited context of an ICARA case and on these facts, I consider the father's inability to obtain a visa, his limited financial resources and his physical distance . . . to satisfy the standard of 'for good cause shown in compelling circumstances[.]'"); *see also El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668-69 (D.C. Cir. 2007) (affirming trial court's permission for remote testimony due to showing that the party had been denied a visa in breach of contract case). Moreover, "[t]he cost of international travel can provide good cause for contemporaneous transmission of testimony." *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 480 (D.Md. 2010) (citing *Dagen v. CFC Grp. Holdings,* No. 00 Civ. 5682, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003)).

Petitioner's testimony is necessary to prove her *prima facie* case at the evidentiary hearing, but Petitioner is legally and financially unable to travel to the United States. Respondent's argument that Petitioner should have applied for humanitarian parole to permit her to travel for this hearing is

4

unpersuasive. The parties agree that any such application would generally be adjudicated within three months. (ECF Nos. 14 ¶ 15; 18 ¶ 13). Even if Petitioner's application were granted, then, it would not be granted in time to allow the expeditious hearing of this matter. Moreover, even if Petitioner were granted parole to enter the United States, she would not be able to re-enter Canada following these proceedings given her current immigration status. Therefore, given that her parental rights are at stake, Petitioner's inability to travel to the United States satisfies the "good cause in compelling circumstances" required for the court to permit her testimony by videoconference under Fed.R.Civ.P. 43.

Petitioner has also shown that appropriate safeguards will be in place for her remote testimony. *See* Fed.R.Civ.P. 43(a). Such safeguards should ensure accurate identification of the witness, protect against influence by persons present with the witness, and assure accurate transmission. Fed.R.Civ.P. 43 advisory committee's note to 1996 amendment. Examples of procedures used to satisfy the rule include the swearing in of the witness remotely, ensuring that the witness is alone and has been provided with documentary evidence in advance, requiring the movant to pay the associated costs, and requiring that the means of providing remote testimony be tested in advance. *Alcala*, 2015 WL 1893291, at *2-3. Petitioner has proposed that:

her counsel will work with the court's technology department to facilitate the remote testimony and will troubleshoot technical problems in advance of the hearing; Petitioner will testify from her local counsel's office in a closed room with an interpreter; a duly qualified person will be present to provide any necessary oath in Canada, in addition to the courtroom clerk who will read the oath to the interpreter and Petitioner; all documentary evidence will be marked prior to the hearing and produced according to the court's scheduling order; Petitioner will pay all costs associated with the remote testimony; and Petitioner will provide a copy of her identification to the court to verify her identify prior to her testimony.  (ECF Nos. 12 ¶ 21; 18 ¶ 8).  These proposals are appropriate and sufficient under Fed.R.Civ.P. 43.

Accordingly, it is this 5th day of December, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for appearance at evidentiary hearing by contemporaneous transmission filed by Petitioner Jhenny Elizabeth Gamboa (ECF No. 12) BE, and the same hereby IS, GRANTED;

2.   Petitioner Jhenny Elizabeth Gamboa is permitted to appear and to give testimony by contemporaneous video transmission at the evidentiary hearing in this case;

3. Petitioner Jhenny Elizabeth Gamboa, through her counsel, will take all necessary steps to ensure proper functioning of technological equipment used for contemporaneous video transmission at the evidentiary hearing;

4. Petitioner Jhenny Elizabeth Gamboa and Respondent Todd Patrick Murphy, through counsel, will exchange all documentary evidence to be used on direct and cross examination of Petitioner pursuant to the scheduling order (ECF No. 9);

5. Petitioner Jhenny Elizabeth Gamboa, through her counsel, shall make arrangements to render her testimony alone (other than with an interpreter), in a closed room;

6. Petitioner Jhenny Elizabeth Gamboa, through her counsel, shall provide a copy of her identification, including photograph and biographical data, to this court in advance of her video testimony to prove her identity;

7. Petitioner shall be responsible for any and all costs associated with her appearance by contemporaneous video transmission; and

8. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge